**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Cannon, | No. CV-23-00041-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff David Cannon's Application for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 16, "Def. Br."), and Plaintiff's Reply (Doc. 17). The Court has reviewed the briefs and Administrative Record (Docs. 10-11, "R.") and now affirms the decision of the Administrative Law Judge ("ALJ") (R. at 677–91).

**I.      BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on November 28, 2016, for a period of disability beginning July 14, 2015. (R. at 677.) Plaintiff's claims were initially denied on February 27, 2017, and upon reconsideration on August 10, 2017. (R. at 15.) After a hearing, the ALJ denied Plaintiff's Application on June 5, 2019. (R. at 15–25.) On June 4, 2020, the Appeals Council denied Plaintiff's request for review of the

1  ALJ's decision. (R. at 1–5.) Plaintiff appealed, and on October 4, 2021, this Court
2  remanded the case for a new hearing, which the ALJ held on October 27, 2022. (R. at 677.)
3  The ALJ again denied Plaintiff's Application on January 10, 2023. (R. at 677–91.) Plaintiff
4  then filed this action seeking judicial review of the denial.

5      The Court has reviewed the medical evidence and finds it unnecessary to provide a
6  complete summary here. The pertinent medical evidence will be discussed in addressing
7  the issues raised by the parties. In short, upon considering the medical records and opinions,
8  the ALJ found that Plaintiff had the following severe impairments: obesity, left hip
9  degenerative joint disease, left shoulder degenerative joint disease, lumbar spine
10 degenerative disc disease, bilateral lower extremity neuropathy, and bilateral lower
11 extremity venous insufficiency. (R. at 680.)

12     Ultimately, the ALJ determined that Plaintiff "does not have an impairment or
13 combination of impairments that meets or medically equals the severity of one of the listed
14 impairments in 20 CFR Part 404." (R. at 684.) The ALJ found that Plaintiff has the residual
15 functional capacity ("RFC") to perform "light work" with certain limitations, including
16 that he could "stand and/or walk 4 hours in an 8-hour workday." (R. at 685.) Based on the
17 vocational expert's answers to hypothetical questions, the ALJ concluded that Plaintiff "is
18 still capable of performing past relevant work as an Instructor, Vocational Training" and is
19 not disabled under the Act. (R. at 690.)

20 **II.    LEGAL STANDARD**

21     In determining whether to reverse an ALJ's decision, the district court reviews only
22 those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,
23 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability
24 determination only if the determination is not supported by substantial evidence or is based
25 on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is
26 more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable
27 person might accept as adequate to support a conclusion considering the record as a whole.
28 *Id.* To determine whether substantial evidence supports a decision, the court must consider

1   the record as a whole and may not affirm simply by isolating a "specific quantum of
2   supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more
3   than one rational interpretation, one of which supports the ALJ's decision, the ALJ's
4   conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)
5   (citations omitted).

6       To determine whether a claimant is disabled for purposes of the Act, the ALJ follows
7   a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the
8   first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180
9   F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant
10  is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the
11  claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether
12  the claimant has a "severe" medically determinable physical or mental impairment.
13  20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.*
14  At step three, the ALJ considers whether the claimant's impairment or combination of
15  impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of
16  20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found
17  to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the
18  claimant's RFC and determines whether the claimant is still capable of performing past
19  relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the
20  inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines
21  whether the claimant can perform any other work in the national economy based on the
22  claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so,
23  the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

24  **III.   ANALYSIS**

25      Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in
26  finding that the vocational expert's testimony was reliable, and (2) the ALJ erred in
27  rejecting the limitation that Plaintiff avoid moderate exposure to moving machinery. (Pl.
28  Br. at 7, 9.)

1

2        **A.      The Vocational Expert's Testimony**

3        During the hearing, the vocational expert ("VE") testified that Plaintiff had past

4    relevant work experience as a vocational instructor. (R. at 738.) The Dictionary of

5    Occupational Titles ("DOT") categorizes this job as "light" work. *See* DOT 097.221-010.

6    And according to the SSA, "[l]ight work usually . . . [r]equires walking or standing for

7    approximately 6 hours of the day." Social Security Administration, Program Operations

8    Manual System DI 25001.001(A)(43). The ALJ found that Plaintiff's RFC limited him to

9    four hours of walking or standing in an eight hour workday, which, according to the DOT,

10   would usually prevent an individual from working as a vocational instructor. (R. at 685.)

11   But the VE testified that, based on his personal observations at two technical colleges he

12   visited "relatively often," an individual could work as a vocational instructor while walking

13   or standing for only four hours a day. (R. at 739–44.) The ALJ found this testimony

14   persuasive and concluded that Plaintiff could still perform work as a vocational instructor.

     Plaintiff now challenges the ALJ's deviation from the DOT.

15       An ALJ must resolve any apparent conflict between a VE's testimony and the DOT.

16   *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). "Neither the DOT nor the VE . . .

17   evidence automatically 'trumps' when there is a conflict." SSR 00-4p. But "[d]ue to their

18   specialized knowledge, the SSA recognizes VEs as 'reliable sources of occupational

19   information in the evaluation of disability claims.'" *Kilpatrick v. Kijakazi*, 35 F.4th 1187,

20   1192 (9th Cir. 2022) (quoting SSR 00-4p).

21       In resolving the conflict between the DOT and the VE's testimony here, the ALJ

22   explained that he accepted the VE's testimony based on the VE's professional experience

23   as described in the hearing. (R. at 690.) Plaintiff argues that the VE's testimony was

24   unreliable, contending that the VE had "had virtually no basis for his opinion" because it

25   was based on his experience with only two employers, and he had no "resource material,"

26   "evidence of accuracy," or other "markers of reliability." (Pl. Br. at 8.)

27       Plaintiff's point is well-taken. Because the VE testified as to how a job is generally

28   performed in the national market based on his personal observations at only two places of

employment, it is fair to characterize his testimony as weak evidence. But the Court cannot set aside an ALJ's decision simply because its evidentiary support is weak. The inquiry on review is instead whether the decision is supported by "substantial evidence." *Orn*, 495 F.3d at 630. And the Supreme Court has made clear that "the threshold for such evidentiary sufficiency is not high"—anything "more than a mere scintilla" will do. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Plaintiff's argument is thus unavailing. Although Plaintiff may wish for "resource material," "evidence of accuracy," or other "markers of reliability," no such support is required. *See Biestek*, 139 S. Ct. at 1154 ("Even though the applicant might wish for [supporting] data, the expert's testimony still will clear . . . the more-than-a-mere-scintilla threshold."). Therefore, the VE's testimony, based on his professional experience and expertise, was sufficient for the ALJ to rely upon in resolving the conflict with the DOT. Accordingly, the Court will not disturb the ALJ's decision on this point.

### B.    The Moving Machinery Limitation

Plaintiff also challenges the ALJ's determination that Plaintiff's RFC contains no environmental limitations. (R. at 685.) Specifically, Plaintiff argues that the ALJ erred by rejecting medical opinions that Plaintiff should be limited to avoiding even moderate exposure to moving machinery. (Pl. Br. at 9.)

Three doctors opined in support of the limitation at issue. The first two are non-examining state agency consultants Drs. Erika Wavak and Pravin Sampat. The ALJ gave significant weight to both doctors' opinions that Plaintiff should be limited to a reduced light exertion level. (R. at 689.) But the ALJ discounted their opinions that Plaintiff should have environmental limitations, including avoiding moving machinery. (R. at 689; R. at 98–100, 113–15.) The ALJ explained that the doctors gave those opinions in 2017 and were thus unable to review the evidence available at the hearing. (R. at 689.) The ALJ added that the environmental limitations were unsupported by the longitudinal record. (R. at 689.) To support his conclusion, the ALJ highlighted a litany of medical records documenting normal exam findings or limited treatment recommendations. (R. at 689; R. at

297, 338, 353–66, 427, 1026, 1070, 1250, 1417, 1920–21, 2013.) The ALJ also noted that Plaintiff was discharged from physical therapy in 2018 with goals met. (R. at 689; R. at 1388–90.) And the ALJ cited hearing testimony and previous reports that Plaintiff could walk one to two miles, lift and carry up to twenty pounds, do yardwork, work on repairs in his garage, and perform housework such as cleaning and laundry. (R. at 689; R. at 231–33, 711–30.)

The Ninth Circuit has held that an ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998)). The ALJ here has done just that. He pointed to specific reports and findings in the medical record to explain that the environmental limitations suggested by Drs. Wavak and Sampat were inconsistent with the record as a whole. Although Plaintiff argues that it was improper for the ALJ to reject the doctors' opinions because they were given in 2017, (Pl. Br. at 9), that was only one of several reasons provided by the ALJ for discounting their opinions. The ALJ's explanations and citations satisfy the Ninth Circuit's requirements and the substantial evidence standard.

The third doctor who opined in support of the moving machinery limitation was consultative examiner Dr. Keith Cunningham. Like Drs. Wavak and Sampat, Dr. Cunningham opined in 2017 that Plaintiff should avoid moving machinery. (R. at 357, 364.) The ALJ rejected this portion of Dr. Cunningham's opinion because he did not provide "specific support" for the environmental limitation. (R. at 690.) Indeed, Dr. Cunningham expressed this opinion in two reports by checking a box that Plaintiff should avoid moving machinery. (R. at 357, 364.) When prompted to explain which findings led to this conclusion, Dr. Cunningham provided no answer in one report and listed "[o]bstructive sleep apnea, dizziness and hypertension" in the other. (R. at 357, 364.) In rejecting Dr. Cunningham's opinion, the ALJ noted that Plaintiff's obstructive sleep apnea and hypertension were non-severe, and vestibular testing had been negative. (R. at 690.) The ALJ also cited the same life activities that he cited in discounting the opinions

1  of Drs. Wavak and Sampat, such as Plaintiff's ability to do yardwork and work on repairs

2  in his garage. (R. at 690.)

3      To reject an examining doctor's uncontradicted opinion, an ALJ must provide "clear

4  and convincing reasons." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir.

5  2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830–31 (9th Cir. 1996)). Plaintiff argues that

6  the ALJ failed to do so here because he improperly ignored Plaintiff's non-severe

7  impairments. Plaintiff cites SSR 96-8p, which requires an ALJ to consider limitations

8  imposed by all the claimant's impairments, including those that are not severe.

9      Plaintiff is correct that the ALJ rejected Dr. Cunningham's opinion in part because

10  Dr. Cunningham based it on Plaintiff's non-severe impairments. (R. at 690.) But the ALJ

11  did not reject Dr. Cunningham's opinion *because* the impairments were non-severe.

12  Instead, the ALJ explained why the record does not support that these impairments warrant

13  an environmental limitation. The ALJ noted that vestibular testing conducted in 2022—

14  five years after Dr. Cunningham's report—returned negative results. (R. at 690; R. at

15  1920-21.) As for Plaintiff's hypertension, the ALJ cited a normal chest x-ray, which

16  indicated that the hypertension had no affect on Plaintiff's lungs. (R. at 686; R. at 475–76.)

17  And Plaintiff reported walking for thirty minutes and lifting weights for twenty minutes at

18  least three times per week. (R. at 686; R. at 304.) Furthermore, the ALJ noted that Plaintiff

19  continues to successfully manage his sleep apnea with the use of a CPAP machine. (R. at

20  680; R. at 2010, 2013.) Finally, the ALJ added that these impairments have not stopped

21  Plaintiff from performing certain daily activities like walking one to two miles, doing

22  yardwork such as tree trimming, and working on repairs in his garage. (R. at 690.)

23      Thus, the ALJ's reasoning for rejecting Dr. Cunningham's opinion was not simply

24  that Dr. Cunningham relied on non-severe impairments. Rather, the ALJ reasoned that

25  Dr. Cunningham's "restrictions on exposure to hazards . . . are not supported by the

26  longitudinal record, or the claimant's demonstrated level of functioning." (R. at 690.) As

27  required, the ALJ considered Plaintiff's non-severe impairments in determining the RFC,

28  but he discounted Dr. Cunningham's opinion because his reliance on these impairments

was not supported in the record. The ALJ therefore provided clear and convincing reasons for rejecting Dr. Cunningham's opinion regarding the moving machinery limitation. Accordingly, the Court will affirm the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the January 10, 2023 decision of the Administrative Law Judge (R. at 677–91).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 20th day of March, 2024.

Honorable John J. Tuchi
United States District Judge